**Jaime Santiago CRUZ–ORTIZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75558.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 2007 *.

Filed Feb. 22, 2007.

Luis Carlos Ayala, Esq., Law Offices of Luis Carlos Ayala, Los Angeles, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Monroe G. McKay, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Allen W. Hausman, Attorney, Susan K. Houser, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: McKAY,** KOZINSKI and TROTT, Circuit Judges.

### MEMORANDUM ***

1. Because an alien unlawfully present in the United States need not have a drug conviction to be removed under 8 U.S.C. § 1182(a)(6)(A)(i), the agency did not violate due process by failing to allege such a conviction in the Notice to Appear.

2. Due to several probation violations, petitioner's Proposition 36 program—California's equivalent of the Federal First Offender Act (FFOA)—was terminated, and he was convicted and resentenced. The BIA thus properly determined that petitioner's drug conviction remains in force for immigration purposes because his offense, had it been prosecuted under federal law, would not have met the requirements for expungement under the FFOA. *See Chavez–Perez v. Ashcroft,* 386 F.3d 1284, 1287–88, 1292 (9th Cir.2004) (defendant must successfully complete probation to qualify for FFOA expungement). That petitioner subsequently qualified for ex-

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pungement under Cal.Penal Code § 1203.4 does not change the fact that he wouldn't have been entitled to such relief under the FFOA. *See Paredes–Urrestarazu v. INS,* 36 F.3d 801, 811–12 (9th Cir.1994).

3. Because his conviction remains in force for immigration purposes, petitioner's unlawful detention claim similarly fails.

**DENIED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.